IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-43-FL-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TYRONE MAURICE WILLIAMS | ) | |

This matter is before the court on defendant's motions (DE 81, 82) for extension of time to file a motion under 28 U.S.C. § 2255.[1]

The court lacks jurisdiction to consider a motion for extension of time to file a § 2255 petition. See United States v. Harris, 304 F. App'x 223 (4th Cir. 2008); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007). Nevertheless, a district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition where it raises "potential grounds for relief" challenging the original judgment of conviction. Id.; see also Johnson v. United States, No. 5:05-CR-209-FL, 2010 WL 4026086 *2 (E.D.N.C. Oct. 13, 2010) ("[A] district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition, . . . in the limited instance where the motion for extension of time 'contains allegations sufficient to support a claim under section 2255.'") (quoting Ramirez v. United States, 461 F.Supp.2d 439, 440 (E.D.Va. 2006)).

---

[1] The court construes the letter from defendant, filed December 19, 2018, (DE 81), as a motion for extension of time to file a § 2255 motion, along with the motion (DE 82) filed May 20, 2019. The clerk is DIRECTED to docket the letter (DE 81) as a motion for extension of time to file a § 2255 motion. This matter originally was assigned to the Hon. Terrence W. Boyle. On December 15, 2016, this matter was reassigned to the undersigned, at the direction of the Court.

In this case, defendant describes in his motions for extension of time a potential ground for relief under § 2255 based upon a pending motion to vacate a conviction in the United States District Court for the Western District of Tennessee. Defendant seeks to have this court hold in abeyance consideration of this potential claim pending outcome of the case in Tennessee. As noted above, the court does not have jurisdiction to extend in advance the time for filing a § 2255 motion. However, the court may recharacterize the instant motions as attempts to file a § 2255 motion. If defendant accepts the recharacterization, the § 2255 motion will be processed in accordance with the rules governing § 2255 cases. Under certain circumstances, if good cause is shown, the court may have discretion to stay decision on a § 2255 motion once it is pending before the court.

Accordingly, the court hereby provides petitioner with notice, pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003), that it intends to recharacterize the instant motions as attempts to file a motion to vacate, set aside, or correct, sentence under 28 U.S.C. § 2255. Pursuant to <u>Castro</u>, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." <u>Castro</u>, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. <u>Id.</u> The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the motions recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motions as one under § 2255 and shall consider them filed originally as of the date the first motion for extension was filed. If, however, defendant responds within the time set by the court but does not agree to have the motions recharacterized, the court will not treat them as a § 2255 motion and will terminate the motions in light of this order in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

SO ORDERED, this 5th day of June, 2019.

                                                    LOUISE W. FLANAGAN
                                                    United States District Judge