IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:14-CR-43-FL-1
NO. 4:18-CV-203-FL

| | | |
|---|---|---|
| TYRONE MAURICE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 84, 94, 111, 141) and respondent's motions to dismiss (DE 102, 121). The issues raised have been briefed fully and are ripe for ruling.

## BACKGROUND

On July 24, 2012, petitioner committed a violent armed robbery of a Dollar General store in New Bern, North Carolina. He entered the store wearing a mask and armed with a handgun, and without provocation jumped onto the cashier counter and fired several rounds at the cashier, striking him once in the chest. The cashier fled to a nearby office, but petitioner pursued him and again fired several rounds at the cashier and a manager in the office. The manager was shot twice and the injuries to his jaw and arm required multiple surgeries. Both victims survived, but they suffered extensive physical and emotional injuries.

On August 16, 2012, law enforcement in Winterville, North Carolina responded to a noise complaint in a residential area, and encountered petitioner along with several others consuming

beer and loitering near a vehicle. As the officers approached, petitioner retrieved a handgun from his waistband and fled on foot. He ignored orders to stop, and the officers had to tase him to effectuate the arrest. The officers recovered petitioner's handgun from a nearby ditch.

On February 11, 2014, petitioner committed another robbery at the First Flight Federal Credit Union in New Bern. After entering the credit union and waiting in the teller line, petitioner approached the teller and handed her a note that stated,

> This is a robbery. Please do not stall, draw attention, or push the silent alarm. If you do or I think you did, I'm going to kill you. Put all the money in [an] envelope. No dye packs or tracers. Don't die for money that's not yours.

(PSR (DE 25) ¶ 10). The teller complied by placing $4,373 in an envelope and giving it to petitioner. Law enforcement quickly located petitioner, who fled on foot after seeing the officers. He was apprehended a short time later without further incident.

As a result, petitioner was charged by indictment with the following: 1) Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); 2) discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count two); 3) possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g) (count three); and 4) bank robbery, in violation of 18 U.S.C. § 2113(a) (count four). Defendant pleaded guilty to all counts without a plea agreement.

The presentence investigation report ("PSR") prepared in advance of sentencing calculated a guidelines range of 110 to 137 months' imprisonment for counts one, three, and four, and a consecutive term of 120 months' imprisonment for count two. The sentencing range was based on total offense level 28 and criminal history category IV. As relevant here, petitioner's 2006 federal conviction for unlawful possession of a firearm contributed five points to the criminal

history score, thereby raising the criminal history category from II to IV. (PSR (DE 25) ¶¶ 23, 26); see U.S.S.G. ch.5 pt. A, sentencing table (2014). The five points were based on the scoring rules for the conviction itself and the fact that petitioner committed the instant offenses while on supervised release for that conviction. (PSR (DE 25) ¶¶ 23, 26).

Prior to sentencing, petitioner filed a petition for writ of error coram nobis in the United States District Court for the Western District of Tennessee, seeking to vacate the 2006 conviction. See United States v. Williams, No. 2:06-CR-20105-JPM (W.D. Tenn. Sept. 11, 2014) (ECF No. 53). Petitioner asserted that the conviction was infirm in light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Vacatur of this conviction prior to sentencing would have reduced petitioner's criminal history category from IV to II, producing a guidelines range of 87 to 108 months' imprisonment for counts one, three, and four, and the mandatory consecutive term of 120 months for count two. (See Resp't Suppl. Br. (DE 145) at 8 n.2; see also PSR (DE 25) ¶ 89 & n.6). However, the petition for writ of error coram nobis remained pending throughout petitioner's two sentencing proceedings in this court, as described below.

The court first sentenced petitioner on January 21, 2015, to aggregate term of 480 months' imprisonment, five years' supervised release, and restitution in the amount of $422,377.00. Six days later, the court reopened the sentencing hearing and reduced the term of imprisonment to 360 months' imprisonment. Petitioner appealed, and the Fourth Circuit affirmed petitioner's convictions but vacated the sentence. The Fourth Circuit determined that the court lacked jurisdiction to reopen the sentencing hearing, and therefore reviewed only the 480 months' term

3

of imprisonment imposed during the first proceeding. The court of appeals ultimately held that this sentence was substantively unreasonable and remanded for resentencing.[1]

The resentencing proceeding convened on May 11, 2017. The court first determined that the guidelines range calculated with the 2006 conviction remained applicable for purposes of resentencing. But the court also acknowledged petitioner's argument, grounded in a motion for downward variance, that the petition for writ of error coram nobis was pending in the Western District of Tennessee, and that the guidelines range for counts one, three, and four would be reduced to 87 to 108 months' imprisonment if the 2006 conviction was removed. (Remand Tr. (DE 75) at 22; Mot. for Downward Variance (DE 59)). Nonetheless, the court declined to vary downward even assuming the Tennessee district court would vacate the conviction in the future. The court explained:

> Even if I'm wrong in not subtracting criminal history points for the reasons you've argued, that the court in Tennessee properly should set aside the defendant's conviction . . . there's no way that a sentence in the range of 87 to 108 months on counts [one] and [four], plus 120 months on count [three] and 120 months consecutive on count [two], there's no way that a sentence of 228 months accomplishes the purposes of sentencing. So I'm not inclined, both under the guidelines and under [18 U.S.C. § 3553(a)], to adopt defendant's arguments.

(Remand Tr. (DE 75) at 22).[2]

The court instead imposed an upward variant sentence of 308 months' imprisonment, comprised of concurrent terms of 188 months on counts one and four, 120 months on count three,

---

[1] Upon remand, this matter was reassigned to the undersigned for resentencing.

[2] As discussed herein, the guidelines range without the 2006 conviction is 87 to 108 months' imprisonment on counts one, three, and four, plus 120 months consecutive on count two. (See Resp't Suppl. Br. (DE 145) at 8 n.2; PSR (DE 25) ¶ 29 & n.6). Although the court correctly identified the top end of this range (228 months) in the foregoing statement, the phrase "plus 120 months on count three" was incorrect. The guideline for count three would have been 87 to 107 months' imprisonment, concurrent with the same terms on counts one and four. (See Resp't Suppl. Br. (DE 145) at 8 n.2; PSR (DE 25) ¶ 29 & n.6).

4

and a consecutive term of 120 months on count two. The court also sentenced petitioner to aggregate term of five years' supervised release and ordered $422,376.00 in restitution. As the court explained at sentencing, this sentence accounted for the "extreme" conduct engaged in by defendant and otherwise accomplished the sentencing goals reflected in § 3553(a). (Id. at 23). The court further emphasized:

> And again, I reach this under [18 U.S.C. § 3553(a)]. And even if I'm wrong, with respect to not viewing defendant in a criminal history category II, it's only a sentence of 308 months that is satisfactory here and accomplishes the purposes of sentencing.

(Id. at 24). Petitioner appealed the amended judgment, and the Fourth Circuit affirmed.

Following conclusion of his direct appeal, petitioner filed the instant motions to vacate. Petitioner, proceeding pro se, brings the following claims in his December 13, 2019, motion to vacate:

1) The 2006 firearm conviction in the Western District of Tennessee is invalid and petitioner should be resentenced using a revised guidelines calculation without the criminal history points assigned for the conviction and without the additional points for committing the instant offenses while under a criminal justice sentence;

2) Petitioner is "legally innocent" of the instant § 922(g) conviction pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019), and separately because he does not have a valid predicate felony conviction; and

3) Ineffective assistance of counsel premised on counsel advising him to plead guilty despite the fact that he was innocent of the § 922(g) conviction in count three.

(DE 84, 94 ¶ 12). Respondent moves to dismiss the foregoing claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In particular, respondent argues that claim one is without merit where the Fourth Circuit addressed the issue during petitioner's direct appeal and petitioner cannot relitigate this sentencing claim on collateral review. With respect to the

5

remaining claims, respondent argues the § 922(g) conviction in count three remains valid notwithstanding any potential vacatur of the 2006 conviction, that the Rehaif claim is procedurally defaulted, and that petitioner has not alleged sufficient facts to state a claim for ineffective assistance of counsel. Petitioner responded in opposition to the motion to dismiss.

While the motion to dismiss was pending, the court appointed counsel for petitioner pursuant to Standing Order 20-SO-2, which governs motions for post-conviction relief premised on Rehaif. The court also granted respondent's motion to stay the instant § 2255 proceedings pending resolution of United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020), rev'd sub nom. Greer v. United States, 141 S. Ct. 2090 (2021). Notwithstanding the stay, petitioner filed supplemental motion to vacate and memorandum in support on June 19, 2020, reasserting and expanding on his claim that count three should be vacated in light of Rehaif.

On August 3, 2021, the court lifted the stay and directed the parties to file supplemental briefs addressing the Rehaif claim in light of the Supreme Court's decision in Greer, 141 S. Ct. at 2090. Respondent filed renewed motion to dismiss, arguing that the Rehaif claim is procedurally defaulted and fails on the merits. With respect to the remaining claims, respondent incorporated by reference arguments raised in its first motion to dismiss.

While these motions were pending, petitioner's appointed counsel withdrew from representation. Proceeding pro se, petitioner moved to stay resolution of his § 2255 claims pending decision from the Tennessee district court on his petition for writ of error coram nobis, which remained pending in that court. The court granted petitioner's motion to stay.

On June 16, 2022, petitioner filed notice stating that the Tennessee district court had granted his petition and vacated his 2006 conviction for unlawful possession of a firearm. See

6

United States v. Williams, No. 2:06-CR-20105-JPM (W.D. Tenn. May 11, 2022 & May 13, 2022) (ECF Nos. 65, 66). The court therefore lifted the stay, appointed counsel for petitioner, and directed the parties to file supplemental briefs addressing the impact, if any, of the vacatur of the prior conviction on petitioner's pending motions to vacate in this court.

Petitioner filed supplemental motion to vacate and memorandum of law in response to the court's order. The supplemental motion raises two claims for relief under § 2255: 1) that petitioner's sentence is unlawful where the guidelines range was calculated using a conviction that subsequently was vacated; and 2) the conviction in count two for discharging a firearm during and in relation to a crime of violence is void because the underlying predicate felony, Hobbs Act robbery, is not a crime of violence. As relief, petitioner requests that the court vacate his conviction in count two and the sentence in its entirety, and order plenary resentencing.

Respondent's supplemental brief argues that these two new claims should be dismissed. In particular, respondent argues that the court made clear during the resentencing hearing that it would have imposed the same sentence even if the Tennessee district court vacated the 2006 conviction, and thus petitioner is not entitled to habeas relief under the pertinent § 2255 standards. With respect to the second claim challenging the § 924(c) conviction in count two, respondent asserts that it is procedurally defaulted and fails on the merits. Finally, respondent incorporates by reference its prior motions to dismiss as to the remaining § 2255 claims.

## DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

7

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

The court begins with petitioner's challenges to his convictions in counts two and three. Turning first to count two, petitioner argues that his underlying predicate felony, Hobbs Act robbery, no longer qualifies as a crime of violence in light of United States v. Taylor, 596 U.S. 845 (2022) and United States v. Melaku, 41 F.4th 386 (4th Cir. 2022). Respondent raises the defense of procedural default as to this claim.

Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Mikalajunas, 186 F.3d 490, 492–93 (1999).[3] The court may proceed directly to the prejudice inquiry without first considering whether the petitioner has shown cause for the default. United States v. Frady, 456 U.S. 152, 167 (1982). To establish prejudice sufficient to excuse procedural default in this context, the petitioner must "demonstrate that the error worked to his actual and substantial disadvantage, not merely that the error created a 'possibility of prejudice.'"

---

[3]   Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997). In the context of a guilty plea, the petitioner bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); Hill v. Lockhart, 474 U.S. 52, 59 (1985)

Here, petitioner does not dispute that he failed to raise his challenge to count two on direct appeal. (See also DE 46, 76 (Fourth Circuit opinions describing petitioner's arguments on appeal)). The claim therefore is procedurally defaulted, and petitioner must show cause and prejudice or actual innocence to overcome the default and proceed to the merits. See Bousley, 523 U.S. at 622. With respect to prejudice, the Fourth Circuit has rejected petitioner's arguments regarding the validity of his § 924(c) conviction, holding instead that Hobbs Act robbery remains a valid predicate crime of violence notwithstanding Taylor and Melaku. See United States v. Green, 67 F.4th 657, 668–71 (4th Cir. 2023), cert. denied, 144 S. Ct. 226 (2023). Accordingly, for the reasons set forth in Green, petitioner cannot establish prejudice to overcome his procedural default, and his claim otherwise fails on the merits. See id. (concluding § 2255 petitioner raising identical arguments failed to establish prejudice sufficient to overcome procedural default because Hobbs Act robbery remains a valid predicate for § 924(c) convictions and that "these same reasons would preclude relief on the merits.").

Similarly, petitioner cannot establish actual innocence of the conviction. The term "actual innocence" "means factual innocence, not mere legal insufficiency." Id. at 671. But as Green explains, even if petitioner's claim could be characterized as asserting factual innocence, he cannot prevail where his § 924(c) conviction remains valid, both as a factual and legal matter. Id.

9

Accordingly, petitioner cannot overcome his procedural default for this claim, and respondent's motion to dismiss is granted as to the challenge to count two.

Turning to count three, petitioner alleges that he is "legally innocent" of unlawful possession of firearm because the predicate felony conviction – his 2006 conviction for felon in possession – subsequently was overturned. The Fourth Circuit has held, however, that the subsequent vacatur of a predicate felony conviction does not affect the validity of a § 922(g) conviction where, as here, the conviction had not been overturned at the time the defendant possessed the firearm. See United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998) (holding that the vacatur of predicate felony conviction "is irrelevant" to validity of felon in possession conviction where the vacatur occurred "after [the defendant] possessed the firearm"); see also United States v. Neal, 458 F. App'x 246, 247–48 (4th Cir. 2011) (rejecting argument that Simmons-infirm felon in possession conviction that was vacated after the current § 922(g) conviction provided grounds for overturning the current conviction where "any subsequently-realized invalidity of a predicate felony is immaterial to a § 922(g)(1) prosecution, as along as the prior conviction was in effect on the date that the defendant possessed the firearm"). Accordingly, petitioner is not "legally innocent" of his § 922(g) conviction in count three because his prior felony conviction was in force at the time he possessed the firearm in this case.

Petitioner also challenges his conviction in count three on the basis of Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that in order to obtain a conviction for unlawful possession of a firearm, the government must prove that the defendant knowingly possessed the firearm, and "knew he belonged to the relevant category of persons barred from possessing a firearm [here, those with a prior felony conviction]." 139 S. Ct. at 2200.

10

Rehaif abrogated longstanding precedent holding that the defendant's knowledge of his prohibited status was not a required element of a § 922(g) conviction. See, e.g., United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc), abrogated by Rehaif, 139 S. Ct. at 2191. Petitioner argues that Rehaif renders his indictment and guilty plea constitutionally deficient, and requires vacatur of his § 922(g) conviction.

Respondent also raises the defense of procedural default as to this claim, and there is no dispute that petitioner failed to raise this claim on direct appeal. (See DE 46, 76). Turning to the cause and prejudice analysis, the PSR establishes that at the time of petitioner's indictment and guilty plea, he had served more than one year imprisonment on the 2006 firearm conviction. (DE 25 ¶ 23). Moreover, that the 2006 conviction later was overturned does not change the prejudice analysis where petitioner actually served more than one year imprisonment for the conviction, and it remained in force at the time of petitioner's indictment and guilty plea for the instant § 922(g) offense. Cf. Kahoe, 134 F.3d at 1235. Petitioner also admitted that he previously was convicted of a felony at his arraignment. (DE 42 at 5–6).

Petitioner fails to allege any facts establishing he would not have pleaded guilty had he been aware of the knowledge of status element. As the Supreme Court recently explained in an analogous context:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [United States v. Gary,] 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to

11

> plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Greer v. United States, 141 S. Ct. 2090, 2097 (2021). Where petitioner fails to establish a reasonable probability that but for the Rehaif error he would not have pleaded guilty, he cannot demonstrate prejudice sufficient to overcome his procedural default. See Dominguez Benitez, 542 U.S. at 76; Satcher, 126 F.3d at 572. Petitioner also cannot establish actual innocence of the conviction where he possessed the firearm after serving more than one year imprisonment for a felony conviction, and he fails to allege that he did not know he was a convicted felon at the time. See Kahoe, 134 F.3d at 1235; Green, 67 F.4th at 671 (noting that actual innocence means factual innocence, not mere legal insufficiency). Accordingly, petitioner's Rehaif claim is procedurally defaulted, and he cannot show cause and prejudice or actual innocence sufficient to overcome the default.

As the final challenge to his convictions, petitioner alleges counsel was ineffective for advising him to plead guilty to count three in circumstances where he is "legally innocent" of the conviction. (DE 94 ¶ 12). To state a claim for ineffective assistance of counsel, a petitioner must allege 1) "that counsel's representation fell below an objective standard of reasonableness[;]" and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Petitioner cannot establish counsel's performance was deficient or that he was prejudiced by the advice to plead guilty. For the reasons explained above, petitioner's conviction in count three remains valid notwithstanding the subsequent vacatur of the 2006 firearm conviction. And

12

to the extent this claim is premised on counsel's failure to anticipate the Rehaif decision, counsel was not ineffective for failing to raise a claim that was foreclosed (at the time) by circuit precedent. See United States v. Morris, 917 F.3d 818, 823 (4th Cir. 2019).

Turning to the sentencing claim, petitioner argues that the Tennessee district court's vacatur of his 2006 conviction entitles him to resentencing without the criminal history points applied for that conviction. As noted above, the conviction resulted in five points added to petitioner's criminal history score: three for the conviction itself and two for committing the instant offenses while under a criminal justice sentence. He requests plenary resentencing without these points and using criminal history category II.

As a general rule, where a petitioner "is successful in attacking [prior convictions or sentences], he may then apply for reopening of any federal sentence enhanced by the [prior] sentences." Custis v. United States, 511 U.S. 485, 497 (1994); see also Daniels v. United States, 532 U.S. 374, 382 (2001); United States v. Bacon, 94 F.3d 158, 161 n.3 (4th Cir. 1996). Vacatur or modification of the prior judgment of conviction, however, is not standing alone sufficient to grant habeas relief. See United States v. Pettiford, 612 F.3d 270, 277–78 (4th Cir. 2010); Bacon, 94 F.3d at 161 n.3 (noting that vacatur of prior conviction only permits federal defendant to "seek review" of the sentence in a § 2255 proceeding). Rather, petitioner must establish that in light of the modified or vacated state judgment his sentence now "is unlawful on one of the specified grounds" set forth in § 2255(a). Pettiford, 612 F.3d at 277–78.

Here, petitioner does not argue that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. See 28 U.S.C. §

13

2255(a). The court therefore must determine whether petitioner's sentence is "otherwise subject to collateral attack" based on vacatur of the 2006 conviction. See id.; Pettiford, 612 F.3d at 277–78.

In United States v. Foote, the Fourth Circuit held that the "otherwise subject to collateral attack" ground requires a showing that the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." 784 F.3d 931, 936 (4th Cir. 2015). And in order to establish a fundamental defect, petitioner must show, at a minimum, that the error affected his sentence. See Pettiford, 612 F.3d at 277–80 (concluding that district court erroneously granted § 2255 relief based on vacated state convictions where petitioner remained subject to sentencing enhancement even without the vacated convictions); see also Foote, 784 F.3d at 940–41; United States v. Dorsey, 611 F. App'x 767, 768–70 (4th Cir. 2015) (holding § 2255 petitioner was entitled to habeas relief where vacatur of prior conviction changed the guidelines calculation).

Here, petitioner cannot show that the 2006 conviction affected his sentence in this case. As set forth above, the court determined that it would have imposed the same sentence even if the guidelines were calculated without the 2006 conviction. For example, the court stated that even if it was "wrong in not subtracting criminal history points" based on the then-pending coram nobis petition, "there's no way that a sentence . . . of 228 months [the top of the guidelines range without the 2006 conviction] accomplishes the purposes of sentencing." (Remand Tr. (DE 75) at 22). Even more explicitly, the court stated:

> And again, I reach this under [18 U.S.C. § 3553(a)]. And even if I'm wrong, with respect to not viewing defendant in a criminal history category II, it's only a

14

sentence of 308 months that is satisfactory here and accomplishes the purposes of
sentencing.

(Id. at 24).

Thus, the court fully considered the guidelines range with and without the 2006 conviction, and stated explicitly that it would have imposed the same sentence under 18 U.S.C. § 3553(a) even if the range is calculated without that conviction. In these circumstances, petitioner cannot show that the now-vacated conviction affected his sentence. See Pettiford, 612 F.3d at 276–80 (concluding § 2255 petitioner was not entitled to relief based on vacated state convictions that did not affect the validity of his sentencing enhancement); see also Molina-Martinez v. United States, 578 U.S. 189, 200 (2016) (explaining in related context that a defendant cannot show a reasonable probability of a lower sentence if the district court makes clear that the sentence it "chose was appropriate irrespective of the Guidelines range" and that the sentence was based "on factors independent of the Guidelines"); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012) (discussing assumed error harmlessness doctrine in the context of guidelines errors, and noting such errors are harmless in part if the district court makes clear it "would have reached the same result even if it had decided the guidelines issue the other way"). Accordingly, petitioner's sentencing claim based on the vacated 2006 conviction also must be dismissed.

C.  Certificate of Appealability

Having resolved petitioner's § 2255 claims, the court next considers whether a certificate of appealability is appropriate. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been

15

Case 4:14-cr-00043-FL   Document 148   Filed 01/22/24   Page 15 of 16

decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, respondent's motions to dismiss (DE 102, 121) are GRANTED and petitioner's motions to vacate (DE 84, 94, 111, 141) are DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close the § 2255 proceedings.

SO ORDERED, this the 22nd day of January, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge